**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV - 3 2003

LUTHER D. THOMAS, Clerk
By: J. Pinckey Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLA McKERNAN,                    )
                                    )
        Plaintiff,                  )
                                    )        Civil Action No. _____
v.                                  )
                                    )        **1 03 CV-3348**
                                    )
                                    )        Jury Trial Demanded
                                    )                              **ODE**
WORLD FINANCIAL GROUP, INC.,        )
a Delaware Corporation,             )
                                    )
        Defendant.                  )

---

## COMPLAINT

COMES NOW, Plaintiff Charla McKernan ("McKernan") and files her

complaint against the above-named Defendant as follows:

### INTRODUCTION

This is an age and gender discrimination case brought pursuant to the Age

Discrimination Employment Act, 29 U.S.C. § 621, et seq and Title VII of the Civil

Rights Act of 1964, 28 U.S.C. § 2000 (a) et seq. against her former employer, World

Financial Group, Inc. ("WFG").   McKernan was denied a promotion to Vice

President – World Division because she was an old woman who did not fit into a

-1-



FORMS RECEIVED
Consent To US Mag. ____
Pretrial Instructions ____
Title VII ATC ____

corporation seeking to promote young men into upper management. Believing that she was the victim of age and gender discrimination, McKernan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). MFG fired her just a few days later.

## JURISDICTION

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and §1337. The Plaintiff asserts a cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended.

## VENUE

2.

Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3.

At all times relevant to this action, WFG employed as Director of Agency Relations. McKernan is a female and was forty-nine (49) years old at the time of her non-selection to the position of Vice President – World Financial Division.

4.

Defendant WFG is organized and exists under the laws of the State of Delaware, and is registered to do business in Georgia. Its headquarters are located at 11315 Johns Creek Parkway, Duluth, Gwinnett County, Georgia 30097. Process may be served upon WFG's registered agent, C.T. Corporation System, located in the Northern District, at 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

## FACTUAL ALLEGATIONS

5.

McKernan worked for WFG, or its affiliates and predecessor companies for over ten years. At the time of her non-selection, McKernan was the Director of Agency Relations in WFG's home office. In that capacity, she coordinated relationships between WFG's home office and the independent sales force throughout the country.

6.

WFG is a financial services company that maintains a home office in Atlanta. This Home Office supports WFG's worldwide network of salespersons who operate as independent contractors and sell WFG's financial/insurance products worldwide.

-3-

7.

As part of her duties, McKernan frequently interacted with Xuan Nguyen, WFG's Co-Chairman and head of the World Division, one of two field-marketing divisions.  Nguyen knew that McKernan was a highly competent and effective employee with superior industry knowledge and strong communication skills.

8.

McKernan has over twenty (20) years of experience in the insurance/financial services industry.  She has served as a Director, Chief Compliance Officer and Vice President at various corporations in the industry, and has founded multiple broker-dealers companies.  McKernan holds multiple licenses, including General Securities and General Securities Principal.  At various times during her employment with WFG and its affiliates, McKernan oversaw the company's compliance, securities and insurance licensing and other operations.

9.

WFG encourages cut throat competition, as sales persons not only sell products to customers in the field, but recruit new sales persons to the company.  The recruiting sales person then receives a percentage of the revenues generated by the new sales person throughout the sales person's tenure at the company.

-4-

10.

Tim Stonehocker, ("Stonehocker"), is WFG's President and CEO, and is ultimately responsible for hiring decisions in the home office.  Since Stonehocker began his tenure at WFG, he has engaged in a pattern of hiring and promoting young men with little or no experience into management positions, and dismissing or refusing to promote highly experienced women and employees over the age of forty (40).

11.

Stonehocker has personally hired three young men, and promoted one young man with little or no experience to run WFG's Canadian operations.  That young man has since been terminated.

12.

Stonehocker has terminated five employees over the age of forty (40), all of whom had significantly more experience that Stonehocker's younger hires. Stonehocker has denied promotional opportunities to at least two other employees over the age of forty (40).

13.

Jack Linder, ("Linder"), serves as Executive Vice President and Senior

Executive Vice Chairman in WFG's home office, and was an incumbent in that position upon Stonehocker's appointment. Linder was a field leader for a number of years before being moved into WFG's Home Office shortly before Stonehocker's appointment. Linder's primary responsibility was to advise Stonehocker on field activities.

14.

McKernan worked as WFG's Director of Agency Relations in 2003. After the Vice President – World Division resigned, McKernan asked to be considered for the position in an e-mail to Linder and Stonehocker.

15.

Linder and Stonehocker did not respond to McKernan's e-mail regarding the promotion. Two weeks later, Linder told McKernan that the Board of Directors discussed her candidacy for the Vice President – World Division position, but no decision had been reached. McKernan knew that she was Nguyen's top choice.

16.

On April 14, 2003, Linder met with McKernan in her office to discuss her qualifications for the position of Vice President – World Division. Linder told McKernan that, unlike three younger male candidates, she was not the "sole provider"

-6-

or "bread winner" for her family. Because her husband worked, Linder observed that McKernan could quit working at any time. Linder also indicated that McKernan had parenting responsibilities.

17.

Linder also told McKernan that the younger male candidates had many productive years to give to WFG. He then questioned McKernan's plans for the next five (5) to ten (10) years, intimating that she could chose to retire at any moment or that she would unwilling to relocate if asked.

18.

Linder then told McKernan that she was the best qualified for the position, and that WFG's only alternative to find a qualified candidate would be to outside the company because she was the only qualified candidate internally. Linder left McKernan with the impression that her age and gender would inhibit her future success with WFG and prevent her from being promoted.

19.

Instead of denying her the promotion outright, WFG conditionally offered the promotion to McKernan provided that she successfully complete a six-month trial period during which she would not receive the title, a pay increase or the authority

-7-

necessary to perform the position duties, including traveling without prior approval of executive management. She would, however, be held accountable for performing all of the duties of Vice President – World Division in addition to many of her duties in her existing position of Director of Agency Relations.

20.

McKernan discussed the offer with her immediate supervisor, Susan Davies ("Davies"), the Vice President – Agency Relations. Davies discouraged McKernan from accepting the conditional offer because the arrangement was plainly designed to set McKernan up for failure.

21.

McKernan discussed Linder's ageist and sexist comments with Davies and complained that her age and gender were apparently factors in the decision-making process, and Davies acknowledged that Linder's comments were inappropriate.

22.

Over the next two weeks, McKernan attempted without success to reach Linder with a response to his offer. On April 29, 2003 Linder left a message for McKernan that he, Davies and Scott Ham, ("Ham"), WFG's General counsel wanted to meet with McKernan.

-8-

Case 1:03-cv-03348-ODE   Document 1   Filed 11/03/03   Page 9 of 19

23.

At the meeting, Ham questioned McKernan as to her understanding of WFG's conditional offer and Linder's ageist and sexist remarks. Linder agreed at that time that he had made such statements.

24.

At the end of the meeting, Ham advised McKernan that Linder would meet with her the following day to further discuss the position. After McKernan and Davies left, Linder and Ham remained behind closed doors.

25.

The very next day, WFG withdrew its conditional offer to McKernan.

26.

That same week, WFG closed the application process for the Vice President – World Division position, and in a transparent attempt to mask its age and gender bias in the promotional process, transferred Kent Davies, the existing Vice President – Financial Division, (the second of WFG's two field marketing divisions), into the Vice President – World Division position even though Davies was not among the candidates for the position. WFG then awarded the Vice President – Financial

-9-

Service position vacated by Davies to Bo Gibbs, one of three younger male candidates who actually competed with McKernan for promotion to Vice President – World Division.

27.

McKernan is better qualified than either Kent Davies or Bo Gibbs for the Vice President – World Division position.

28.

Two days after she filed her July 9, 2003 Charge of Discrimination, WFG terminated McKernan, purportedly for lack of work.

COUNT I

AGE DISCRIMINATION- FAILURE TO PROMOTE

29.

McKernan incorporates all of the foregoing allegations herein.

30.

WFG is engaged in an industry affecting commerce and has twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, WFG is an "employer" as the term is defined under 29 U.S.C. § 630.

-10-

31.

McKernan's age, forty nine (49) years, was a substantial, motivating factor in the decision to pass her over for promotion to Vice President-World Division in favor of a younger, less qualified candidate under the age of forty (40) in violation of the ADEA.

32.

McKernan filed a timely charge of discrimination with the (EEOC) on July 9, 2003, alleging violations of the ADEA by WFG.  See Exhibit "A".  McKernan received her Right to Sue Notice from the EEOC on October 3, 2003. See Exhibit "B".  McKernan fulfilled all conditions precedent to the institution of this lawsuit.

33.

As a direct result of the age-based denial of promotion to Vice President-World Division, McKernan lost back wages, future income, fringe benefits, opportunities for advancement, retirement and medical benefits and other compensatory damages, all in amounts to be determined at trial.

34.

WFG's conduct alleged in this Complaint is a willful and intentional violation of the ADEA, which entitles McKernan to liquidated damages.

## COUNT II

## GENDER DISCRIMINATION – FAILURE TO PROMOTE

35.

McKernan incorporates all of the foregoing allegations herein.

36.

McKernan's gender was a motivating factor in the decision to pass her over for promotion to Vice President-World Division in favor of less qualified male candidate in violation of Title VII of the Civil Rights Act of 1964, as amended.

37.

McKernan filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 9, 2003, alleging gender discrimination by WFG. See Exhibit "A". McKernan received her Right to Sue Notice from the EEOC on October 3, 2003. See Exhibit "B". McKernan fulfilled all conditions precedent to the institution of this lawsuit have been fulfilled.

38.

As a direct result of the gender-based denial of promotion to Vice President-World Division, McKernan lost back wages, future income, fringe benefits,

-12-

opportunities for advancement, retirement and medical benefits and other compensatory damages, all in amounts to be determined at trial. In addition, McKernan suffers from emotional harm directly resulting from WFG's intentional discrimination and seeks compensatory and punitive damages.

## COUNT III

## RETALIATION

39.

McKernan incorporates all of the foregoing allegations herein.

40.

McKernan opposed WFG's illegal consideration of her age and her gender in its promotional process.

41.

WFG withdrew its offer the day after McKernan disclosed her opposition to Linder's discriminatory comments to her.

42.

McKernan engaged further in protected activity when she filed her July 9, 2003 Charge of Discrimination with the EEOC, alleging age and gender discrimination.

43.

WFG received a copy of McKernan's Charge on July 10, 2003, and terminated her the following day.

44.

WFG rescinded an offer of promotion and later terminated McKernan to retaliate against McKernan for engaging in activity protected under 29 U.S.C. § 623(d) and 42 U.S.C. § 2000e-3(a).

45.

WFG's retaliation against McKernan was intentional and constitutes a willful violation of her federally protected rights.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Injunctive relief including but not limited to reinstatement and/or an award of front pay;

2. full back pay and benefits of employment;

3. liquidated damages for WFG's violation of the ADEA;

4. special damages for all out of pocket costs and expenses McKernan would not have incurred but for WFG's unlawful discriminatory conduct;

5. compensatory damages for emotional and physical harm caused by

-14-

WFG's intentional gender discrimination;

6.      punitive damages for intentional gender discrimination;

7.      attorney's fees and expenses of litigation;

8.      prejudgment interest;

9.      trial by jury; and

10.     such other and further relief as the Court deems just and proper.

This ___3rd___ day of November, 2003.

A. Lee Parks, Jr.
Georgia Bar No.  563750
William J. Atkins
Georgia Bar No. 027060

PARKS, CHESIN & WALBERT, P.C.
26th Floor, 75 Fourteenth Street
Atlanta, Georgia 30309
Telephone (404)873-8000
Facsimile (404)873-8050



# EXHIBIT / ATTACHMENT

### A

(To be scanned in place of tab)



# EXHIBIT / ATTACHMENT

B

(To be scanned in place of tab)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Charla Mckernan
5430 Chelsen Wood Drive
Duluth, GA 30097

From:  Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110-2003-32127 | **Brenda B. Webb,**<br>**Supervisory Investigator** | **(404) 562-6831** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Brenda Bleehh*                    9/30/03

Enclosure(s)

**Bernice Williams-Kimbrough,**
**Director**

*(Date Mailed)*

cc:  **World Financial Group**

Dianne Abrams
75 Fourteenth Street
Atlanta, GA 30309

ORIGINAL

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Northern_____ District of Georgia_____

Charla McKernan

v.

World Financial Group, Inc.
a Delaware Corporation

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **1** 03 CV-3348

TO: (Name and address of Defendant) World Financial Group
C.T. Corporation System
1201 Peachtree Street, N.E.
Atlanta, Georgia 30341

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William J. Atkins, Esq.
**PARKS, CHESIN & WALBERT, P.C.**
**26TH FLOOR**
**75 FOURTEENTH STREET**
**ATLANTA, GA 30309**
404-873-8000

an answer to the complaint which is herewith served upon you, within ___20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

NOV - 3 2003

CLERK

DATE

C. Deucher

(By) DEPUTY CLERK